United States District Court
Southern District of Texas
ENTERED
September 10, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA M. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3711 |
| | § | |
| UNIVERSITY OF TEXAS POLICE DEPARTMENT, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION**

Pending before the court[1] are Defendant's Motion to Dismiss (Doc. 5), Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 14), and Defendant's Motion to Strike Plaintiff's Amended Complaint (Doc. 15). The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Defendant's motion to strike and motion to dismiss and **DENIES AS MOOT** Defendant's motion to dismiss Plaintiff's amended complaint.

## I. Case Background

Plaintiff filed this lawsuit on October 9, 2018, against Defendant University of Texas Police Department, purportedly pursuant to 42 U.S.C. § 1983 ("Section 1983").[2] In her complaint,

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 18, Ord. Dated Jan. 16, 2019.

[2] See Doc. 1, Pl.'s Orig. Compl. Plaintiff's original complaint is styled as "UNIVERSITY OF TEXAS POLICE DEPARTMENT et.al." However, the only parties listed in the entire complaint were Plaintiff and Defendant.

Plaintiff alleged the following against Defendant: "The above listed defendants wrongfully arrested the plaintiff with no probable cause, sexually assaulted/assaulted [plaintiff] and intentionally falsif[ied] information into plaintiff['s] record, invoking [a] prior arrest to gain a conviction. Also, plaintiff alleges unreasonable search and seizure."[3]

On October 30, 2018, Defendant filed its pending motion to dismiss.[4] On December 13, 2018, Plaintiff filed an amended complaint without the leave of the court or agreement of Defendant.[5] Plaintiff's amended complaint copied her original complaint with an additional cover sheet that listed the Defendants as: "UNIVERSITY OF TEXAS POLICE DEPARTMENT et al[.,] Officer Brandon Hazelric[,] Officer Murphy[,] Officer Jones[,] Officer Ortiz[, and] Sergeant on Duty[.]"[6] From the record, it appears that none of the individual officers added in the amended complaint have been served or have appeared in this lawsuit.

On December 21, 2018, Defendant filed a motion to strike Plaintiff's amended complaint and a second motion to dismiss.[7] On February 19, 2019, Plaintiff filed a response to Defendant's motion

---

[3] See Doc. 1, Pl.'s Orig. Compl. p. 2.

[4] See Doc. 5, Def.'s Mot. to Dismiss.

[5] See Doc. 10, Pl.'s Am. Compl.

[6] See id.

[7] See Doc. 14, Def.'s Mot. to Dismiss Pl.'s Am. Compl.; Doc. 15, Def.'s Mot. to Strike.

to dismiss.[8] However, Plaintiff's response appears to be responsive to a motion to dismiss in a different case that Plaintiff filed against the University of Houston Police Department and other University of Houston entities.[9] The court contacted Plaintiff to alert her that the incorrect response was docketed in this case. Plaintiff informed the court that it was the correct response. Accordingly, the court will consider the response to the extent that it is responsive to Defendant's arguments.

## II. Motion to Strike

Defendant argues that Plaintiff's amended complaint should be struck because it does not comply with Federal Rule of Civil Procedure ("Rule") 15. Under Rule 15:

> A party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Plaintiff's amended complaint was filed more than twenty-one days after Defendant's first motion to dismiss. Defendant did not consent to Plaintiff's filing an amended complaint and the court

---

[8] See Doc. 21, Pl.'s Resp. to Def.'s Mot. to Dismiss.

[9] See id. The response is styled incorrectly and only references an incident that allegedly occurred at the University of Houston-Downtown.

never gave Plaintiff leave to amend her complaint. Notably, Plaintiff has not sought the court's leave since Defendant filed its motion to strike and did not file a response to the motion to strike. Finally, there is no evidence in the record that any of the named police officers added in the amended complaint have been served.

For these reasons, Defendant's motion to strike is **GRANTED.**

## III. Motion to Dismiss

Defendant argues that Plaintiff's lawsuit should be dismissed because it is barred by the Eleventh Amendment.[10]

The Eleventh Amendment,[11] as interpreted by case law, bars suits brought in federal court against a state by private citizens unless the state specifically waives its immunity or Congress, in enacting a particular statute, intentionally abrogates state sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Okpalobi v. Foster, 244 F.3d 405, 411 (5th Cir. 2001). Here, Plaintiff appears to bring claims for the deprivation of her civil rights via Section 1983.[12] However, in enacting

---

[10] Plaintiff argues that Chisholm v. Georgia defeats Defendant's argument. 2 U.S. 419 (1793). However, Chisholm was superseded years ago by the Eleventh Amendment and does not apply. See Jagnandan v. Giles, 538 F.2d 1166, 1172 (5th Cir. 1976).

[11] The Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[12] See Doc. 1, Pl.'s Orig. Compl. p. 2; Doc. 21, Pl.'s Resp. to Def.'s Mot. to Dismiss p. 5.

Section 1983, Congress did not abrogate state sovereign immunity. Will, 491 U.S. at 66 (1989); see also Richardson v. Southern Univ., 118 F.3d 450, 453 (5th Cir. 1997). "The Eleventh Amendment . . . [bars] all suits in law or equity against an unconsenting state." Laxey v. Louisiana Bd. of Trustees, 22 F.3d 621, 623 (5th Cir. 1994).

The University of Texas is a state agency that is entitled to raise Eleventh Amendment immunity to suit. See e.g., Chhim v. Univ. of Tex. at Austin, 836 F.3d 467, 469 (5th Cir. 2016); see also Tex. Educ. Code § 65.001 et. seq. As a department of the University of Texas, Defendant is likewise entitled to sovereign immunity. See Tex. Educ. Code § 51.203; Harrell v. Univ. of Houston Police Dept., 44 F.3d 1004 (5th Cir. 1995)(finding that University of Houston Police Department was a department of an agency and was entitled to Eleventh Amendment immunity).

Therefore, Defendant, as a state entity, is protected by Eleventh Amendment sovereign immunity from claims arising under Section 1983. Because the court finds Plaintiff's action barred by the Eleventh Amendment, the court need not reach Defendant's alternative grounds for dismissal.

## IV. Conclusion

Based on the foregoing, the court **GRANTS** Defendant's motion to strike and motion to dismiss and **DENIES AS MOOT** Defendant's Motion

to dismiss Plaintiff's amended complaint.

**SIGNED** in Houston, Texas, this 10th day of September, 2019.

Nancy K. Johnson
United States Magistrate Judge